2007 OK CIV APP 93

STATE ex rel. DEPARTMENT OF PUB-
LIC SAFETY, Petitioner/Appellee,

v.

THIRTY FOUR THOUSAND, FOUR
HUNDRED EIGHTY–SIX DOLLARS
($34,486.00) in U.S. Currency, Respon-
dent,

and

Ray Mitchell Norris, Appellant.

No. 103,203.

Court of Civil Appeals of Oklahoma,
Division No. 1.

April 13, 2007.

Certiorari Denied Sept. 17, 2007.

Douglas R. Young, State of Oklahoma, ex
rel. Department of Public Safety, Oklahoma
City, OK, for Petitioner/Appellee.

Ray Mitchell Norris, pro se.

KENNETH L. BUETTNER, Judge.

¶1 The State of Oklahoma through
the Department of Public Safety (DPS) filed
a Notice of Seizure and Intended Forfeiture
October 19, 2005 with respect to $34,486
seized in Tulsa County during an alleged
violation of the Uniform Controlled Danger-
ous Substances Act, 63 O.S.2001 § 2–101 et
seq. The Notice specifically stated that Ray
Mitchell Norris and Shawn Jeremy Fried-
man concealed and transported marijuana
with intent to distribute, had currency consti-
tuting drug proceeds, and that the currency
was in close proximity to the controlled dan-
gerous substances which was used or intend-
ed to be used to facilitate a violation of the
Act. Ray Mitchell Norris filed a "Limited
Response" to the Notice as an interested
person November 3, 2005 in which he chal-
lenged the jurisdiction of the court on the
grounds of improper venue and lack of speci-
ficity of the Notice. He also raised the affir-
mative defense of the statute of limitations.
However, he failed to aver, and did not pro-
duce evidence of, an ownership interest in
the currency. Consequently, he does not
have standing to challenge the forfeiture ac-
tion. We affirm the trial court's order of
forfeiture of the currency.

¶2 The record does not reveal that any
other interested party appeared in this case,

including Friedman.[1] On March 22, 2006, Norris filed a Motion requesting a Ruling on his November 3, 2005 Response without oral argument. There is a five-page affidavit by the trooper who made the initial stop, filed December 12, 2005. It does not establish that either Norris or Friedman had a proprietary interest in the currency.[2] Norris did not himself put forth any evidence, or statement under oath, claiming ownership of the currency.[3]

¶3 "In order to challenge a forfeiture, the claimant must own the *res.*" *United States of America v. One 1981 Datsun 280ZX*, 563 F.Supp. 470, 475. "Ownership can be evidenced in a variety of ways. Courts generally look to indicia of dominion and control such as possession, title and financial stake." *Id.*

¶4 DPS first questions whether Norris has standing to challenge the forfeiture. We agree he did not. He neither alleged an ownership interest in the currency nor produced evidence in any manner of a proprietary interest. The facts reveal that there was another person involved in the drug stop and thus there is no inference from the circumstances that Norris was the owner of the money. Absent a claim of ownership, or evidence submitted at the hearing from which an inference of ownership could arise, the respondent has no standing to challenge the forfeiture. AFFIRMED.

HANSEN, P.J., and BELL, J., concur.

---

1. DPS's affidavit states that attempted service on Friedman at the address given at the time of arrest went unclaimed and that a bench warrant had been issued. Friedman was served by publication.

2. The most specific part of the trooper's affidavit states: "As I turned around and headed eastbound on I–44, I started to replay my tape to hear what was said in the patrol unit as I searched the truck. I came to the part of the video where the driver [Norris] and his passenger [Friedman] were talking about how I had overlooked the money concealed within the truck and other Marijuana I had missed."

3. Title 65 O.S.2001 § 2–506(D): Within forty-five days after the mailing or publication of the notice, the owner of the property and any other party in interest or claimant may file a verified answer and claim to the property described in the notice of seizure and of the intended forfeiture proceeding.